UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | | |
|---|---|---|
| Greg Raley, Jr.<br>　　*Plaintiff*<br><br>v.<br><br>Convergence Receivables, LC<br>　　*Defendant*<br>Serve:<br>　　Charles Litow<br>　　222 3rd Street, Suite 319<br>　　Cedar Rapids, IA 52401 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.　3:15-cv-357-TBR |

**CLASS ACTION COMPLAINT**
**and DEMAND FOR JURY TRIAL**

### INTRODUCTION

1. This is an action by a consumer seeking declaratory relief and damages for himself and on behalf of all similarly-situated citizens against Defendant Convergence Receivables, LC for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Convergence Receivables, LC (hereafter "Convergence") filed suit against Mr. Raley on October 10, 2014 in Jefferson County, Kentucky in an attempt to collect an alleged bank account debt (the "Account") originally owed to Fifth Third Bank (hereafter "Fifth Third"). Pursuant to the documents evidencing transfer of the Account to Convergence, Convergence acquired only fifty percent (50%) interest in the Account but is seeking to collect one hundred percent (100%) of the alleged total amount claimed owed by Mr. Raley on the original Fifth Third account.

3. Plaintiff Raley seeks damages and declaratory relief both individually and on behalf of a proposed class of all similarly-situated citizens.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5. Plaintiff Greg Raley, Jr. is a natural person who resides in Jefferson County, Ky. and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant Convergence Receivables, LC ("Convergence") is a foreign corporation, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

7. The address of Convergence's principal place of business is 222 3rd Street, Suite 324, Cedar Rapids, IA 5240.

## FACTS

8. On October 10, 2014, Convergence filed a complaint in the District Court of Jefferson County, Kentucky (the "State Court Lawsuit") against Mr. Raley under case number 14-C-011886 in an attempt to collect the alleged Account debt originally claimed owed to Fifth Third. A copy of the complaint is attached hereto as "Exhibit A."

9. The Fifth Third Account was a personal demand deposit account (DDA) used exclusively for personal, family, and household purposes, which makes the debt developed on the Fifth Third account a "debt" within the meaning of the FDCPA.

10. The State Court Lawsuit alleges that Mr. Raley owes Convergence $543.81 via

the Fifth Third DDA Account which Convergence received by assignment from its assignor, Diverse Funding LLC (hereafter "Diverse Funding").  A copy of the bills of sale produced by Convergence during discovery in the State Court Lawsuit evidencing the transfer by assignment from Diverse Funding to Convergence is filed herewith as "Exhibit B".

11.  In support of its claim in the State Court Lawsuit Convergence attached and filed a "Verified Statement of Account" executed by Diana Hobson, a Member of Convergence, which stated:

> The [Fifth Third] account is in default and is due and payable to CONVERGENCE RECEIVABLES, LC having acquired the account through sale, assignment or other legal means from the original creditor. The amount due on said account, over and above all legal set-offs and counterclaims is $543.81 as of the date of this statement.

12.  Mr. Raley, by undersigned counsel, responded to the State Court Lawsuit and propounded discovery requests on Convergence, to which requests Convergence responded on May 6, 2015.

13.  In response to Mr. Raley's discovery requests in the State Court Lawsuit, Convergence produced, *inter alia*, bills of sale (the "Bills of Sale") which purported to show that Convergence had received the Fifth Third account as the terminal assignee in a series of five (5) assignments.  Copies of the Bills of Sale are attached hereto as "Exhibit B."

14.  Per the Bills of Sale, Fifth Third sold Mr. Raley's account to United Credit Recovery, LLC on June 9, 2011; United Credit Recovery, LLC sold the account to Big Sky Research Bureau, Inc. on January 9, 2012; and Big Sky Research Bureau, Inc. sold the account to Huntington Debt Holdings, LLC on June 26, 2013.

15.  That same day, June 26, 2013, the bills of sale reflect that Huntington Debt Holdings, LLC **then sold a *partial* interest** in Mr. Raley's account to "Diverse Funding, LLC"

(also known as "Diverse Funding Associates, LLC"). The bill of sale reads, in pertinent part:

> Assignor [i.e. Huntington Debt Holdings, LLC], for value received and in connection with the [Sale, Assumption, and Assignment] Agreement, transfers, sells, assigns, conveys, grants and delivers to Assignee [Diverse Funding Associates, LLC] free, clear and unencumbered **an [sic] Fifty Percent (50%) Interest and title** (the "Interest") to the Accounts (as defined in the Agreement) and all of Assignor's rights thereto effective as of June 26, 2013. (Emphasis added)

16. The final bill of sale states that Diverse Funding Associates, LLC sold the entirety of its interest and title in Mr. Raley's account to Defendant Convergence Receivables, LC on May 28, 2014. The terminal bill of sale reads, in pertinent part:

> Diverse Funding Associates… does hereby sell, assign, and transfer to Purchaser [Convergence Receivables, LC] **all of its good and marketable title**, free and clear of all liens, claims and encumbrances in and to the Accounts listed in the Account Schedule attached as Appendix A to the [Accounts Receivable Purchase] Agreement… (emphasis added)

17. On their face, the Bills of Sale reflect that the greatest interest in, and title to, the Account and other accounts received by Convergence Receivables, LC as set out in the "Appendix A" attached to the Accounts Receivable Purchase Agreement referenced in the Bill of Sale from Diverse Funding to Convergence is fifty percent (50%), since Convergence's assignor, Diverse Funding only had a fifty percent (50%) interest in the Account to assign.

18. Pursuant to the bill of sale from Diverse Funding to Convergence, the remaining fifty percent (50%) interest in and title to the Account is presently owned by Diverse Funding Associates, LLC or by some subsequent assignee of Diverse Funding Associates, LLC.

19. As evidenced in an account statement Convergence produced in the State Court Lawsuit in response to discovery, the amount of $543.81 Convergence demanded from Mr. Raley in its complaint in the State Court Lawsuit represents the entire alleged balance due and

owing on the Fifth Third account. A copy of the account statement is attached hereto as "Exhibit C."

20. Neither the Convergence complaint and affidavit in the State Court Lawsuit or its other communications to Plaintiff disclose the identity of any other parties who may have an interest in, or title to, the Account. Copies of collection letters sent by Convergence to Mr. Raley are attached hereto as "Exhibit D."

21. The purchase by Convergence of its fifty percent interest in, and title to, Mr. Raley's Account is part of a bulk purchase and assignment of numerous similar accounts from Diverse Funding to Convergence as set out in the Appendix A attached to the Accounts Receivable Purchase Agreement referenced in the Bill of Sale from Diverse Funding to Convergence.

## CLASS ALLEGATIONS

22. Plaintiff Greg Raley, Jr. brings this action individually and as a proposed class action on behalf of all persons similarly situated.

23. These persons comprise the following:

**Class I:** All consumers against whom Defendant Convergence Receivables, LC ("Convergence") or its agents, employees, or representatives, within one year of the date of filing this complaint has:

(a) Filed a lawsuit against the consumer in any court of competent jurisdiction in any state of the United States in an attempt to collect a debt allegedly due and owing on a consumer account of any kind in which Convergence owned less than one hundred percent (100%) interest in such account; and

(b) Represented in its complaint or other communication to the consumer that the full

balance claimed due by the original creditor was due and owing to Convergence, and/or that Convergence was the only current creditor with an interest in or title to said account.

**Class II:** All consumers not already contained within Class I, *supra*, from whom Defendant Convergence Receivables, LC ("Convergence") or its agents, employees, or representatives, within one year of the date of filing this complaint:

(a) Attempted to collect by any means the full balance claimed owed by the original creditor on a consumer account of any kind in which Convergence owned less than one hundred percent (100%) interest said account and associated debt; and

(b) Represented to the consumer that the entire balance was due and owing to Convergence, and/or that Convergence was the only current creditor with an interest in or title to said account and associated debt.

24. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded to Plaintiff and all members of proposed Class I and Class II as set out *supra* (collectively "the Classes") for Convergence's violations of the FDCPA.

25. By this action Plaintiff also seeks injunctive relief for himself and for the proposed class members from this Court enjoining Convergence as follows:

(1) Enjoining Convergence from collecting or attempting to collect, the full amount of debts claimed owed by the original creditor from the consumers in Class I and Class II as set out *supra* to which it had less than one hundred percent (100%) interest of such accounts and to which Convergence communicated that it was the sole party to whom the debt was due and owing, and did not disclose to the consumer the identity of any other parties who had an interest in or title to the

          debt;

(2) Declaratory relief declaring Convergence's practices as described for the proposed Class I and Class II as set out *supra* violate the FDCPA.

26. The proposed Classes as set out *supra* and so represented by Plaintiff Greg Raley, Jr. in this action, and of which he himself is a member, consists of those persons defined above and are so numerous that joinder of individual members is impracticable.

27. Plaintiff's claims are typical of the claims of the proposed Class I and Class II as set out *supra*.

28. There are common questions of law and fact for the proposed Classes in this action that relate to and affect the rights of each member of the Classes, and the relief sought is common to the members of the classes. In particular, all members of the proposed Classes have the same issue of law in common:

> Whether Convergence's attempts to collect the full amount of debts from proposed Class Members for the accounts to which it owns less than one hundred percent (100%) interest while representing to the proposed Class Members that it is the only person or entity to whom the debt is due and owing, and without disclosing the identity of any other person or entity who has an interest in the account and associated debt, violates the FDCPA.

29. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

30. Plaintiff is the representative party for the proposed Classes and is able to, and will, fairly and adequately protect the interest of each of the proposed Classes.

31. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

32. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

33. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the proposed Classes creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

34. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

35. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed Class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the proposed Classes in their entirety; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

36. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendant.

37. Because many of the persons who comprise the proposed Classes in this case may

not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

38. The above-described actions by Convergence Receivables, LC ("Convergence") constitute violations of the Fair Debt Collection Practices Act which violations include, but are not limited to, the following:

> Violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and/or one or more subsections of each statute by collecting, or attempting to collect, from Mr. Raley and from members of the proposed Classes the full amount of debts for such accounts to which it has a less than one hundred percent (100%) interest while representing that it was the only party to whom the debt was due and owing, and without disclosing the identity of any other parties who have an interest in the account.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Greg Raley, Jr. requests the Court grant him relief as follows:

a. An injunction enjoining Convergence from collecting, or attempting to collect, the full amount of debts to which it has less than one hundred percent (100%) interest in such accounts while representing to the proposed Class members that it is the only party to whom the debt is due and owing and not disclosing the identity of any other parties who have an interest in to the accounts;

b. Declare that Convergence's practice of collecting, or attempting to collect, the full amount of debts to which it has a less than one hundred percent (100%) interest while stating in communications that it is the only party to whom the debt is due and owing, and without disclosing the identity of any other parties who have an interest in or title to the debt, violates the FDCPA;

c. Award the maximum amount of statutory damages for each member of the

proposed Classes provided under 15 U.S.C. §1692k;

    d.    Attorney's fees, litigation expenses and costs;

    e.    Actual damages;

    f.    A trial by jury; and

    g.    Such other relief as may be just and proper.

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com